COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Jeremy Dion Washington v. The State of Texas

Appellate case numbers:  01-13-00227-CR

Trial court case number:  1862655

Trial court:             County Criminal Court at Law No. 8 of Harris County

Appellant, Jeremy Dion Washington, has filed a motion to abate this appeal, asking that we "abate this case for findings of fact and conclusions of law regarding the facts necessary for relief under Rule 34.6(f)[.]" We grant the motion and abate the appeal.

The reporter's record in the above referenced appeal was originally due on April 22, 2013. On August 14, 2013, this Court granted court reporter Sondra Humphrey's third request for an extension and extended the time to file the reporter's record to August 21, 2013, with no further extensions. The court reporter's record was not filed by that date. On October 16, 2013, the Court ordered Ms. Humphrey to file the reporter's record by November 15, 2013. The court reporter failed to file the reporter's record. This Court then ordered Ms. Humphrey to appear on March 26, 2014 and show cause as to why she had not filed the reporter's record with this Court. Ms. Humphrey did not appear. The Court then ordered Ms. Humphrey to appear on April 16, 2014. Ms. Humphrey appeared before the Court on that date and represented that she would complete and file the reporter's record by 5:00 p.m. the following day. Ms. Humphrey filed a volume of exhibits on April 17, 2014, and four volumes of the reporter's record on May 9, 2014.

On June 9, 2014, appellant filed his motion to abate, objecting to the reporter's record as filed and contending that it is deficient and incomplete. According to appellant, the reporter's record does not include "a charge conference, the reading of the charge, final arguments, jury deliberation, a guilt-innocence verdict, a punishment phase, or a punishment verdict." Based on appellant's contentions and the reporter's record filed with this Court, it appears that there may be an inaccuracy in the reporter's record or that a portion of the reporter's record may have been lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office, appellant's attorney Franklin G. Bynum, and Ms. Humphrey shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed- circuit video teleconferencing.

The trial court is directed to:

(1) Determine whether the charge conference, the reading of the charge, the final arguments, jury deliberation, guilt-innocence verdict, punishment phase, and punishment verdict portions of the trial were stenographically or otherwise recorded or whether the presence of the court reporter was either waived or otherwise not requested by the appellant;

   a. If any of the above-listed portions were recorded, determine whether Sondra Humphrey or another certified court reporter is able to prepare, certify, and file a transcription of the recorded portions;

   b. If any portion was not recorded, determine why that portion was not recorded;

(2) Determine whether any other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record filed with this Court on April 17 and May 9, 2014;

(3) If other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record on file with this Court, determine whether the testimony, argument, or proceedings was or were stenographically or otherwise recorded and whether Sondra Humphrey or another certified court reporter is able to prepare, certify, and file a transcription of the testimony, argument, or proceedings;

(4) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court and can be prepared, certified, and filed by a certified court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing portions of the trial proceedings, and provide a deadline for filing the supplemental record of no later than 30 days from the date of the abatement hearing in the trial court;

(5) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

   a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

   b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(6) make any other findings and recommendations the trial court deems appropriate; and

(7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 34.6(a)(1), (d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a

supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Jim Sharp

☒ Acting individually     ☐ Acting for the Court


Date: July 10, 2014